IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE PPA GROUP, LLC and<br>PPA REAL ESTATE MANAGEMENT, LLC | § <br> § <br> § | |
| *Plaintiffs,* | § <br> § <br> § <br> § | |
| VS. | § <br> § <br> § | |
| GLENN GONZALES, HEIDI GONZALES,<br>GCG INVESTMENTS, LLC, NETWORK<br>ACQUISITION PARTNERSHIP<br>ALLIANCE, LLC, SHRAVAN PARSI and<br>SA DREAM HOMES, LLC | § <br> § <br> § <br> § <br> § <br> § | Case No. 1:14-cv-00362 |
| *Defendants.* | § <br> § <br> § | |
| MONTE LEE-WEN | § <br> § <br> § <br> § | |
| *Third Party Defendant.* | § | |

## PLAINTIFFS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Notice is hereby given that—pursuant to 28 U.S.C. § 1454—Plaintiffs remove this action from the 200th Judicial District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division. Plaintiffs state the following as grounds for removal:

**I.     The State Court Action**

1.     On August 21, 2013, Plaintiffs filed their Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction in the 200th Judicial District, Travis County, Texas. The case was originally styled *The PPA Group, LLC,*

*and PPA Real Estate Management, LLC v. Glenn Gonzales, Heidi Gonzales, GCG Investments, LLC, Network Acquisition Partnership Alliance, LLC, Shravan Parsi and SA Dream Homes, LLC,* Cause No. D-1-GN-13-002917 (the "State Court Action").

2.      Immediately before the State Court Action was filed, Defendant Glenn Gonzales was the President of PPA Real Estate Management, LLC ("PPA REM") and on the Board of Directors and the Investment Committee of The PPA Group, LLC ("PPA Group"). Plaintiffs discovered that Mr. Gonzales—in conspiracy with the other Defendants—had been using Plaintiffs' confidential information and proprietary resources to directly compete with Plaintiffs' multi-family real estate business. Plaintiffs fired Mr. Gonzales and sought emergency injunctive relief to protect against the irreparable harm posed by Defendants' conduct. Plaintiffs also sued Defendants for theft of trade secrets, breach of contract, breach of fiduciary duties, tortious interference with business relations, and unfair competition.

## II.      The Federal Question

3.      As the State Court Action has progressed, it has become clear that PPA Group also needed to assert a copyright claim against Defendants to fully protect its intellectual property.

4.      In pursuit of real estate investments, Defendants distributed confidential offering memoranda to potential investors. The confidential offering memoranda provided details about Defendants' proposed acquisitions and projections of the investment returns for Defendants' projects. The confidential offering memoranda that Defendants used were nearly identical to the confidential offering memorandum created by PPA Group. The only changes were to the name of the company offering the investment and the property-specific information.

5.      Through discovery, Plaintiffs began to uncover the extent of Defendants' use of PPA Group's confidential offering memorandum.  Plaintiffs learned that Defendants sent the confidential offering memorandum to potential investors often without any form of non-disclosure agreement and sometimes without knowing the name of the person to whom they sent it.  In their depositions, Defendants admitted that they used PPA Group's confidential offering memorandum to create their version of the same document.  Defendants claimed, however, that PPA Group's confidential offering memorandum was not a trade secret.  Rather, they claimed it was a "template" that they felt free to use.  Later, it was discovered that Defendants actually emailed a PPA Group confidential offering memorandum to a third party with instructions for the third party to make the changes necessary for Defendants to use the document in direct competition with PPA Group.  Defendants claim that they stopped using PPA Group's confidential offering memorandum when Defendants' attorney sent them a different document to use, but in fact, Defendants' attorney simply made a few hand-written comments on the face of the document and sent it back for Defendants to input the changes into PPA Group's confidential offering memorandum.

6.      Because of what PPA Group has learned through discovery, PPA Group has amended its pleadings—before the pleadings deadline in the State Court Case—to add a claim of copyright infringement.

7.      A civil action that involves a copyright infringement claim may be removed to federal court by any party. 28 U.S.C. § 1454(b)(1).  Indeed, a party seeking to assert a copyright claim in an existing lawsuit must remove the case to federal court because federal courts have exclusive jurisdiction over copyright infringement claims. *Id.* § 1338.  Therefore, because the facts supporting and proving PPA Group's copyright infringement claim are completely

intertwined with the facts supporting and proving Plaintiffs' other claims, PPA Group removes the State Court Case to this Court.

**III.    Supplemental Jurisdiction**

8.    Additionally, this Court has supplemental jurisdiction over Plaintiffs' state court causes of action. *Id.* § 1367(a). Defendants infringed upon PPA Group's copyright in pursuit of certain investments in multi-family real estate properties. Those pursuits also form the basis of Plaintiffs' claims for theft of trade secrets, breach of contract, breach of fiduciary duty, tortious interference, and unfair competition. Also, Defendants' counterclaims and third-party claims relate to the same contractual and common law obligations and duties that form the center of Plaintiffs' complaints. Therefore, all of the state court causes of action arise from the same case or controversy as PPA Group's copyright infringement claim.

**IV.    Procedural Requirements**

9.    PPA Group's copyright protection in the confidential offering memorandum arose as soon as it created the document. 17 U.S.C. § 302(a). Thus, PPA Group's confidential offering memorandum was protected by copyright law when Defendants produced and distributed their infringing works.

10.    However, PPA Group could not assert an infringement claim until it filed the confidential offering memorandum for registration with the U.S. Copyright Office. *Id.* § 411; *see also Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir., 1984) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application."). PPA Group filed one confidential offering memorandum for copyright protection on April 14, 2014, and another on

April 15, 2014. Receipts of the applications were received on the same days. (**Exhibits A through D**)   Plaintiffs are filing this removal within 30 days of receiving those receipts. Accordingly, Plaintiffs are removing this case within 30 days of receipt of a paper first indicating that the case is removable. *Id.* § 1446(b)(3).

11.   This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(1), 1441(a), 1446(a), 1454(a).

12.   Plaintiffs have attached as **Exhibit E** [1] a true and correct copy of the entire file of record with the court in the State Court Action as of April 25, 2014.   At the time of removal, there are no return citations on file in the State Court Action.

13.   Plaintiffs are simultaneously filing a copy of this Notice of Removal in the 200th Judicial District Court, Travis County, Texas.   A copy of Plaintiffs' Notice to State Court of Removal is attached as **Exhibit F**.

## VI.   Prayer

WHEREFORE, Plaintiffs remove this action from the 200th Judicial District, Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1]   **Exhibit E** is not a file-stamped copy of Plaintiffs' Notice to State Court of Removal; however it is a true and correct copy of Plaintiffs' Notice of State Court of Removal, which has been filed on the same day as this Notice of Removal.

PLAINTIFFS' NOTICE OF REMOVAL

Respectfully submitted,

John R. Nelson
State Bar No. 00797144
Todd Lawrence Disher
State Bar No. 24081854
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, Texas  78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)
jnelson@lockelord.com
tdisher@lockelord.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on April 28, 2014, a true and correct copy of this document was served by hand delivery upon the Defendants through their counsel:

David Dunham
Jennifer Tatum Lee
Taylor Dunham
301 Congress, Suite 1050
Austin, TX  78701

John R. Nelson