IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE PPA GROUP, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Case No. 1:14-cv-00362 |
| | § | |
| GLENN GONZALES, HEIDI GONZALES, | § | |
| GCG INVESTMENTS, LLC, NETWORK | § | |
| ACQUISITION PARTNERSHIP | § | |
| ALLIANCE, LLC, SHRAVAN PARSI, and | § | |
| SA DREAM HOMES, LLC | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Plaintiff The PPA Group, LLC, ("PPA Group") brings this action against Defendants Glenn Gonzales, Heidi Gonzales, GCG Investments, LLC, Network Acquisition Partnership Alliance, LLC, Shravan Parsi, and SA Dream Homes, LLC, alleging that they infringed on the copyright protection owned by PPA Group in PPA Group's confidential offering memorandum. PPA Group seeks to recover the damages that it suffered as a result of Defendants' infringements, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.      Plaintiff PPA Group is a Nevada limited liability company with its principal place of business located in Travis County, Texas at 11149 Research Blvd., Suite 375, Austin, Texas 78759.  PPA Group has capacity to bring this suit. Nev. Rev. Stat. § 86.281(1).

AUS:0054346/00002:558964v1

2.      Defendant Glenn Gonzales ("Mr. Gonzales"), an individual, is a resident of Williamson County, Texas.  Mr. Gonzales has appeared, and no service is necessary at this time.

3.      Defendant Heidi Gonzales ("Mrs. Gonzales"), an individual, is a resident of Williamson County, Texas.  Mrs. Gonzales has appeared, and no service is necessary at this time.

4.      Defendant GCG Investments, LLC, ("GCG") is a Utah limited liability company. GCG has appeared, and no service is necessary at this time.

5.      Defendant Network Acquisition Partnership Alliance, LLC, ("NAPA") is a Texas limited liability company.  NAPA has appeared, and no service is necessary at this time.

6.      Defendant Shravan Parsi ("Mr. Parsi"), an individual, is a resident of Bexar County, Texas. Mr. Parsi has appeared, and no service is necessary at this time.

7.      Defendant SA Dream Homes, LLC, ("SA Dream Homes") is a Texas limited liability company.  SA Dream Homes has appeared, and no service is necessary at this time.

## JURISDICTION

8.      This Court has subject matter jurisdiction over PPA Group's claim for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

## VENUE

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because: (a) a substantial part of the events giving rise to PPA Group's claims occurred in the Western District of Texas; (b) Defendants reside in the Western District of Texas for the purposes of determining venue; and (c) Defendants have sufficient connections with the Western District of Texas to make venue proper in this district, all as alleged in this Complaint.

AUS:0054346/00002:558964v1

## FACTS

10.     Mr. Gonzales first met Monte and Nalie Lee-Wen in 2003 at the church they attended in Washington State.  They became friends, and Mr. Gonzales gained the trust and confidence of the Lee-Wens.  Both families were involved in the real estate business, and Mr. Gonzales acted as the Lee-Wens' agent when the Lee-Wens bought and sold real estate in Washington.  The Lee-Wens respected Mr. Gonzales and valued his opinion so much that they asked him to be a Member of the Board of Directors for their new company, PPA Group.  He accepted their invitation and became a Board Member of PPA Group.

11.     In February 2009, PPA Group needed a new president to manage its wholly owned subsidiary, PPA Real Estate Management, LLC.  Mr. Lee-Wen, the president and chief executive officer of PPA Group, offered the job to his longtime friend and trusted advisor Mr. Gonzales.  Mr. Gonzales agreed to accept the job if his role could be performed through GCG and if his compensation would be paid through GCG.  As such, PPA Group contracted with GCG, and GCG agreed that it would provide Glenn Gonzales to serve as President of PPA REM.

12.     As president of PPA REM, Mr. Gonzales gained more of the Lee-Wens' trust.  He became a member of PPA Group's Investment Committee, providing his advice and opinions on potential investment opportunities for PPA Group and participating in meetings of that Committee.  During those meetings, Mr. Lee-Wen and the other committee members discussed PPA Group's confidential acquisition strategies and confidentially decided which properties PPA Group would try to buy.  Mr. Gonzales had complete access to the confidential and proprietary tools and documents stored on PPA Group's computer server.  He learned exactly how PPA Group operated, and he was privy to the identity of PPA Group's investors, potential investors, and business contacts.

AUS:0054346/00002:558964v1

13.    While still working for PPA Group, Mr. Gonzales, on his own behalf and on behalf of GCG, began to pursue real estate deals in secret and in direct competition with PPA Group.  In December 2011, Mr. Gonzales secretly pursued the purchase of the Casa Grande Apartments ("Casa Grande").  He put or caused others to put GCG's logo on PPA Group's confidential offering memorandum and used that document—claiming that it belonged to himself or GCG—to pursue Casa Grande.  He knew that PPA Group was interested in buying Casa Grande, so he misled Mr. Lee-Wen and PPA Group about his ongoing discussions with Casa Grande's owner.

14.    In early 2013, Mr. Gonzales began secretly pursuing the purchase of an apartment complex in San Antonio, Texas called the Encinal Apartments ("Encinal").  Mr. Gonzales, Mrs. Gonzales, Mr. Parsi, GCG, and SA Dream Homes formed NAPA to solicit investors and purchase Encinal.  Instead of spending the thousands of dollars and the many hours necessary to create the documents and tools they would need to pursue such a deal, Mr. Gonzales, Mrs. Gonzales, Mr. Parsi, GCG, SA Dream Homes, and NAPA simply took (or caused others to take) the PPA Group documents and used them to pursue the purchase of Encinal both before and after the formation of NAPA.  In the process, Mr. Gonzales and the other Defendants misappropriated PPA Group's confidential offering memorandum.  Other than changing the logo and property information, Defendants' documents copied the documents that had been created by and for PPA Group.  In doing so, Mr. Gonzales, Mrs. Gonzales, Mr. Parsi, GCG, SA Dream Homes, and NAPA reproduced copies of the copyrighted work, prepared derivative works based upon the copyrighted works, and distributed copies of the copyrighted work to the public.

4

## COUNT ONE – COPYRIGHT INFRINGEMENT

15.   PPA Group's confidential offering memorandum contains a large amount of original material, and the memorandum is copyrightable subject matter under the laws of the United States.   After learning of Defendants' misappropriation of PPA Group's confidential offering memorandum, PPA Group registered two versions of that document with the U.S. Copyright Office.  **(Exhibits A–D)**

16.   Defendants have infringed on PPA Group's exclusive rights and privileges in the copyrighted work.  Defendants had access to the work, and Defendants' confidential offering memorandum is substantially similar to those protected by PPA Group's copyright.  Defendants continue to infringe on PPA Group's copyright.

17.   As a result of their wrongful conduct, Defendants are liable to PPA Group for copyright infringement.  17 U.S.C. § 501.  PPA Group is entitled to recover the damages that it has suffered, which include any and all profits Defendants have made as a result of their wrongful conduct.  17 U.S.C. § 504.

18.   PPA Group is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  PPA Group has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) PPA Group's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms PPA Group such that PPA Group could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to PPA Group, is continuing.  PPA Group will likely suffer and actual and imminent irreparable injury if the Defendants are not enjoined.  PPA Group is likely to succeed on the merits of its copyright infringement claim, any injunction issued by the Court will

AUS:0054346/00002:558964v1

outweigh any possible injury suffered by Defendants, and any injunction would not adversely affect public policy or the public interest.

## REQUEST FOR RELIEF

WHEREFORE, PPA Group respectfully requests judgment as follows:

(1)    That the Court enter a judgment against Defendants that Defendants have willfully infringed PPA Group's copyright protection in its confidential offering memorandum;

(2)    That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from imitating, copying, or making any other infringing use or infringing distribution of PPA Group's confidential offering memorandum protected by federal copyright law and any other items or works now or hereafter protected by any PPA Group copyright;

(3)    That the Court enter an order pursuant to 17 U.S.C. § 503 impounding all infringing copies of PPA Group's confidential offering memorandum and any related item, including business records, that is in Defendants' possession or under their control;

(4)    That the Court enter an order declaring that Defendants holds in trust, as constructive trustee for the benefit of PPA Group, its illegal profits obtained from its distribution of infringing copies of PPA Group's confidential offering memorandum, and requiring Defendants to provide PPA Group a full and complete accounting of all amounts due and owing to PPA Group as a result of Defendants' illegal activities;

(5)    That the Court order Defendants to pay PPA Group's damages pursuant to 17 U.S.C. § 504(b);

(6)    That the Court order Defendants to pay the costs necessary to bring this suit;

AUS:0054346/00002:558964v1

(7)    That the Court grant to PPA Group such other and additional relief as is just and

proper.

Respectfully submitted,

John R. Nelson
  Texas State Bar No. 00797144
Todd Lawrence Disher
  Texas State Bar No. 24081854
Locke Lord LLP
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)

ATTORNEYS FOR PLAINTIFF
THE PPA GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on October 22, 2014. All attorneys of record are being served by e-service.

John R. Nelson

7

AUS:0054346/00002:558964v1

EXHIBIT A

**Disher, Todd**

| | |
|---|---|
| **From:** | Phipps, Charles |
| **Sent:** | Monday, April 14, 2014 6:08 PM |
| **To:** | Campbell, Darrian L |
| **Subject:** | FW: Confirmation of Receipt |

-----Original Message-----
From: Copyright Office [mailto:noreply@loc.gov]
Sent: Monday, April 14, 2014 6:05 PM
To: Phipps, Charles
Subject: Confirmation of Receipt

THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.

Your application and payment for the work Confidential Offering Memorandum: The Oasis were received by the U.S. Copyright Office on 04/14/2014.

PLEASE NOTE: Your submission is not complete until you upload or mail the material you are registering. To do so, logon to eCO (https://eco.copyright.gov/eService_enu/) and click on case number 1-1360837471 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/tips/.

SHIPPING SLIPS: If you mail physical copies of the material being registered, the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-1360837471. If you have questions or need assistance, Copyright Office contact information can be found at http://www.copyright.gov/help/index.html#general.

United States Copyright Office

1

EXHIBIT B

**Disher,Todd**

| | |
|---|---|
| **From:** | Phipps, Charles |
| **Sent:** | Monday, April 14, 2014 8:04 PM |
| **To:** | Campbell, Darrian L |
| **Subject:** | Fwd: Acknowledgement of Uploaded Deposit |

Charles E. Phipps

Begin forwarded message:

> **From:** Copyright Office <cop-rc@loc.gov>
> **Date:** April 14, 2014 at 6:26:17 PM CDT
> **To:** "Phipps, Charles" <cphipps@lockelord.com>
> **Subject: Acknowledgement of Uploaded Deposit**
>
> THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.
>
> Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.
>
> The following files were successfully uploaded for service request 1-1360837471
>
> File Name :The Oasis Offering Memorandum.pdf
> File Size :1622 KB
> Date/Time :4/14/2014 7:19:31 PM
>
> [THREAD ID: 1-MI8CV7]
>
> United States Copyright Office

1

EXHIBIT C

**Disher,Todd**

---

**From:**                 Phipps, Charles
**Sent:**                 Monday, April 14, 2014 8:04 PM
**To:**                     Campbell, Darrian L
**Subject:**           Fwd: Confirmation of Receipt


Charles E. Phipps


Begin forwarded message:

> **From:** Copyright Office <noreply@loc.gov>
> **Date:** April 14, 2014 at 6:27:45 PM CDT
> **To:** "Phipps, Charles" <cphipps@lockelord.com>
> **Subject: Confirmation of Receipt**
>
> THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY.
>
> Your application and payment for the work Confidential Offering Memorandum: Cimmaron City Apartments were received by the U.S. Copyright Office on 04/14/2014.
>
> PLEASE NOTE: Your submission is not complete until you upload or mail the material you are registering. To do so, logon to eCO (https://eco.copyright.gov/eService_enu/) and click on case number 1-1360837497 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/tips/.
>
> SHIPPING SLIPS: If you mail physical copies of the material being registered, the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.
>
> A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.
>
> You may check the status of this claim via eCO using this number 1-1360837497. If you have questions or need assistance, Copyright Office

1

contact information can be found at
http://www.copyright.gov/help/index.html#general.

United States Copyright Office

EXHIBIT D

**Disher,Todd**

| | |
|---|---|
| **From:** | Phipps, Charles |
| **Sent:** | Tuesday, April 15, 2014 12:48 PM |
| **To:** | Campbell, Darrian L |
| **Subject:** | FW: Acknowledgement of Uploaded Deposit |

-----Original Message-----
From: Copyright Office [mailto:cop-rc@loc.gov]
Sent: Tuesday, April 15, 2014 10:14 AM
To: Phipps, Charles
Subject: Acknowledgement of Uploaded Deposit

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-1360837497

File Name :Cimarron OM.DOC
File Size :7576 KB
Date/Time :4/15/2014 11:10:21 AM

[THREAD ID: 1-MJJ9OX]

United States Copyright Office

1